**Order entered October 13, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00403-CR
No. 05-15-00404-CR
No. 05-15-00405-CR

**VINCENT DEWAYNE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-60209-P, F13-60595-P, F13-60931-P**

## ORDER

The Court has before it a pro se letter from appellant complaining that the reporter's record on appeal is incomplete. Specifically, he complains that the record does not contain the portion of the punishment hearing that began on March 16, 2015, which included testimony by the mothers of the complaining witnesses. The briefs filed by appellant and the State do not reference any other portions of the March 16, 2015 hearing. However, after reviewing the reporter's record filed with the Court, we question whether it is complete. Specifically, Volume 1 of 2 is entitled "Admonishment," and it concludes with appellant stating that he will "take the 20 and not waive [his] right to appeal" and with the trial court adjourning the proceedings to allow the parties to "get the paperwork ready." Volume 2 of 2 is entitled "Sentencing Hearing

(Continued)" and begins with the trial court stating that "yesterday at the end of a hearing I did not formally sentence you, so I'm going to do that, to formally sentence you." Moreover, it appears from the docket sheets contained in the clerk's records that witnesses were sworn in on March 16, 2015. Thus, it appears there was another hearing between the two that are reflected in Volumes 1 and 2.

Accordingly, we **ORDER** the trial court to make findings regarding the following:

- Whether a second hearing was conducted on appellant's guilty plea and punishment on March 16, 2015.

- If a second hearing was conducted on March 16, 2015, the trial court shall determine whether that hearing was recorded; and, if so, the name of the court reporter who recorded the hearing; whether the notes are available; and the date by which the record of the hearing will be filed with this Court.

- If the court determines that there was a second hearing that was recorded, but that the notes are not available, the court shall determine whether appellant is at fault for the loss or destruction of the notes and whether the parties can agree on a substituted record.

- If the trial court determines that a second hearing was conducted on March 16, 2015, but was not recorded, the trial court shall determine whether the parties waived the recording of the second hearing.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeals to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     ADA BROWN
        JUSTICE